| | |
|---|---|
| ORLANDO PAYNE, | 1:09-cv-00127-GSA-PC |
| Plaintiff, | RESPONSE TO PLAINTIFF'S QUERY (Doc. 12.) |
| v. | ORDER CLARIFYING THAT PLAINTIFF'S FIRST AMENDED COMPLAINT STATES COGNIZABLE CLAIMS AGAINST DEFENDANTS GONZALES, TAFOYA, HARRINGTON, AND BILLINGS |
| A. HEDGPETH, et al., | |
| Defendants. | CORRECTION TO SCREENING ORDER PURSUANT TO RULE 60(b) (Doc. 11.) |

Orlando Payne ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on January 21, 2009. (Doc. 1.) On January 30, 2009, plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and no other party has appeared in this action. (Doc. 5.) On March 27, 2009, plaintiff filed a first amended complaint. (Doc. 7.)

On May 7, 2009, the court screened the first amended complaint pursuant to 28 U.S.C. 1915A and issued an order giving plaintiff a choice of either filing a second amended complaint or proceeding with the first amended complaint on the claims found cognizable by the court. (Doc. 11.)

///

1

1    On May 22, 2009, plaintiff filed a response to the court's order, notifying the court that he does not wish to file a second amended complaint and instead wishes to proceed with the first amended complaint on the claims found cognizable by the court against defendants Gonzales, Tafoya, and Harrington. (Doc. 12.) However, plaintiff questioned whether his claim against defendant Billings for retaliation, as stated in the first amended complaint, was also cognizable.

Under Rule 60 of the Federal Rules of Civil Procedure, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The court has reviewed its screening order of May 7, 2009, and finds that the body of the order reflects the court's finding that plaintiff's first amended complaint states cognizable claims for (1) supervisory liability against defendant Harrington (Order at 8:4-6), (2) failure to protect under the Eighth Amendment against defendants Gonzales, Harrington, and Tafoya (Order at 9:13-14), (3) violation to right to privacy against defendants Gonzales and Tafoya (Order at 11:14-16), (4) violation to right to receive mail under the First Amendment against defendant Gonzales (Order at 12:8-10), (5) violation of right to outgoing mail under the First Amendment against defendants Gonzales and Tafoya (Order at 12:23-24), and (5) retaliation under the First Amendment against defendants Gonzales, Tafoya, and Billings (Order at 15:13-14). However, the court finds that due to clerical mistake, oversight, or omission, the summary at the end of the court's screening order fails to state that plaintiff may proceed against defendant Billings on claims found cognizable by the court. (Order at 20:23-24.)

Based on the foregoing, IT IS HEREBY ORDERED that:

1. In the court's order screening the first amended complaint, issued May 7, 2009, the court found that plaintiff states cognizable claims in the first amended complaint against defendants Gonzales, Tafoya, Harrington, and Billings;

2. The court's screening order, issued May 7, 2009, is CORRECTED on page 20, lines 23-24, <u>from</u> "proceed only against defendants Gonzales, Tafoya, and Harrington" <u>to</u> "proceed only against defendants Gonzales, Tafoya, Harrington, and Billings;" and

///

2

3. The court shall issue an order for plaintiff to complete and return documents to initiate service of process upon defendants Gonzales, Tafoya, Harrington, and Billings.

IT IS SO ORDERED.

**Dated:** **May 27, 2009**       /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE