| | |
|---|---|
| ORLANDO PAYNE, | 1:09-cv-00127-GSA-PC |
| Plaintiff, | ORDER FOR THIS ACTION TO PROCEED ONLY AGAINST DEFENDANTS B. GONZALES, M. TAFOYA, K. HARRINGTON, AND T. BILLINGS, AND DISMISSING ALL REMAINING CLAIMS AND DEFENDANTS |
| vs. | |
| A. HEDGPETH, et al., | |
| Defendants. / | |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Orlando Payne ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 21, 2009. (Doc. 1.) On January 30, 2009, plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and no other party has appeared in this action. (Doc. 5.) On March 27, 2009, plaintiff filed a first amended complaint.[1] (Doc. 7.) In the first amended complaint, plaintiff names as defendants K. Harrington (Acting Warden), T. Billings (Appeals Coordinator), A. Diaz (Program Sergeant), and Correctional Officers ("C/O") G. Gonzales, M. Tafoya, R. Nunez, and Rojo, and alleges claims for failure to protect under the Eighth Amendment, violation of right to privacy, violation of right to send

---

[1] Defendant A. Hedgpeth was named in plaintiff's original complaint but omitted as a defendant in the first amended complaint.

1

1 and receive mail under the First Amendment, retaliation, verbal threats/harassment, conspiracy, violations of the prison appeals process, due process, discrimination, violations of the Americans for Disabilities Act, violations of the Fourth Amendment, and claims which arose after plaintiff commenced this action.

On May 7, 2009, the court screened plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A and found that it states cognizable claims for relief under section 1983 for (1) supervisory liability against defendant Harrington, (2) failure to protect under the Eighth Amendment against defendants Gonzales, Harrington, and Tafoya, (3) violation of right to privacy against defendants Gonzales and Tafoya, (4) violation of right to receive mail under the First Amendment against defendant Gonzales, (5) violation of right to send mail under the First Amendment against defendants Gonzales and Tafoya, and (6) retaliation under the First Amendment against defendants Gonzales, Tafoya, and Billings. (Doc. 11.) Plaintiff was given leave to either file a second amended complaint, or in the alternative, to notify the court that he does not wish to file a second amended complaint and instead wishes to proceed only on the claims found cognizable by the court. Id. On May 22, 2009, plaintiff filed written notice to the court that he wishes to proceed with the first amended complaint on the claims found cognizable by the court against defendants Gonzales, Tafoya, Harrington, and Billings. (Doc. 12.)

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceeds with the first amended complaint filed March 27, 2009, on plaintiff's claims for:

   (1) supervisory liability against defendant Harrington,

   (2) failure to protect under the Eighth Amendment against defendants Gonzales, Harrington, and Tafoya,

   (3) violation of right to privacy against defendants Gonzales and Tafoya,

   (4) violation of right to receive mail under the First Amendment against defendant Gonzales,

   (5) violation of right to send mail under the First Amendment against defendants Gonzales and Tafoya, and

///

   (6)  retaliation under the First Amendment against defendants Gonzales, Tafoya, and Billings;

2. All remaining claims and defendants are dismissed from this action;

3. Plaintiff's claims against defendants Sgt. Diaz, C/O R. Nunez, and C/O Rojo are dismissed from this action based on Plaintiff's failure to state any claims against them; and

4. Plaintiff's claims for verbal threats/harassment, conspiracy, violations of the prison appeals process, due process, discrimination, violations of the Americans for Disabilities Act, violations of the Fourth Amendment, and claims arising after plaintiff commenced this action are dismissed for plaintiff's failure to state a claim upon which relief may be granted under section 1983.

IT IS SO ORDERED.

Dated: **May 27, 2009**　　　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE