# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO PAYNE, | 1:09-cv-00127-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING DENIAL OF MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | |
| A. HEDGPETH, et al., | (Doc. 6.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.   PROCEDURAL HISTORY**

Plaintiff, Orlando Payne ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on January 21, 2009. (Doc. 1.) On March 18, 2009, plaintiff filed a motion for injunctive relief. (Doc. 6.)

**II.  PRELIMINARY INJUNCTIVE RELIEF**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

This action is proceeding against defendants for failure to protect under the Eighth Amendment, violation of right to privacy, violation of right to send and receive mail under the First Amendment, and retaliation. Plaintiff alleges defendants caused or encouraged other inmates to threaten to assault plaintiff, read plaintiff's mail to other inmates, withheld and tampered with plaintiff's incoming mail, refused to send plaintiff's outgoing mail, and retaliated against plaintiff for filing 602 grievances and appeals. Plaintiff now requests a court order directing prison officials to stop holding his mail, to process all of his grievance appeals, to stop harassing plaintiff, to stop trying to cause other inmates to assault him, to stop trying to cause other correctional officers to harm plaintiff, and to allow plaintiff access to the law library.

Plaintiff claims that his rights are being violated, but he has not made a clear showing in his motion that without issuance of an injunction, he will suffer irreparable harm. Moreover, because plaintiff's motion was not signed under penalty of perjury, it contains no evidentiary support. For these reasons, the court finds that plaintiff's motion should be denied.

### III. RECOMMENDATIONS

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for injunctive relief, filed March 18, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 24, 2010**          /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE