# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO PAYNE,<br><br>          Plaintiff,<br>     v.<br><br>A. HEDGPETH, et al.,<br><br>          Defendants.<br>_____/ | 1:09-cv-00127-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br>(Doc. 28.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.   BACKGROUND**

Plaintiff Orlando Payne ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Kern Valley State Prison in Delano, California ("KVSP"), where the events at issue allegedly occurred.  Plaintiff filed the complaint commencing this action on January 21, 2009. (Doc. 1.)  This action now proceeds on Plaintiff's Amended Complaint filed on March 27, 2009, against Acting Warden K. Harrington for supervisory liability; against C/O G. Gonzales, C/O M. Tafoya,[1] and Appeals Coordinator T. Billings for retaliation under the First Amendment and for failure to protect Plaintiff under the Eighth Amendment; against C/O Gonzales and C/O Tafoya for violation of Plaintiff's constitutional right to privacy and First Amendment right to send mail; and against C/O Gonzales for violation of Plaintiff's First Amendment right to receive mail.[2]  (Doc. 7.)  On December 15, 2009, defendants

---

[1] Defendant Tafoya has not been served with process in this action.  The United States Marshal attempted service and filed a Return of Service unexecuted on October 8, 2009.  (Doc. 19.)  Defendant Tafoya has not joined this motion to dismiss or otherwise appeared in this action.

[2] All other claims and defendants were dismissed by the Court on May 27, 2009.  (Doc. 15.)

1

Harrington, Gonzales, and Billings ("Defendants") filed a motion to dismiss this action for failure to exhaust administrative remedies. (Doc. 28.) On January 13, 2010, Plaintiff filed an opposition to the motion.[3] (Docs. 29-32.) On January 25, 2010, Defendants filed a reply to Plaintiff's opposition. (Doc. 34.) Defendants' motion to dismiss is now before the Court.

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS AMD CLAIMS

Plaintiff makes allegations and brings claims as follows in the Amended Complaint.[4] Plaintiff arrived at KVSP from Corcoran State Prison on September 30, 2008. At the time of the events at issue, the defendants were state employees at KVSP, and the events at issue allegedly occurred at KVSP, largely during October, November, and December 2008.

### A. Defendants Billings, Gonzales, and Tafoya - Retaliation

Plaintiff claims that defendants Billings, Gonzales, and Tafoya retaliated against him in violation of the First Amendment by interfering with the processing of his prison appeals.

Plaintiff alleges that on October 28, 2008, Billings, an appeals coordinator, refused to allow Plaintiff's grievance to be processed at the first level, stating that Plaintiff had to use the informal level first, and that he already filed a duplicate appeal. Plaintiff alleges that Billings sent Plaintiff's appeal to staff for an informal response, knowing that informal responses are not tracked and therefore get lost. Plaintiff alleges that Billings told him that remedies are not available to him when prison officials fail to respond to grievances during the time period required by CDCR regulations, and that Billings refused to process Plaintiff's grievance to the next level. Plaintiff alleges that Billings singled Plaintiff out for harassment and intimidation for filing 602 grievances and appeals.

Plaintiff alleges that on November 5, 2008, Gonzales called Billings and told him not to process any of Plaintiff's 602 appeals. Plaintiff maintains that this deprived him of speedy review of his grievances, which is often essential to any effective redress prior to bringing a § 1983 civil suit. Plaintiff claims this is the reason he was unable to exhaust his state remedies.

---

[3] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on June 16, 2009. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.1 (9th Cir. 2003). (Doc. 17.)

[4] This summary includes Plaintiff's claims in the Amended Complaint found cognizable by the Court on May 7, 2009, and Plaintiff's related allegations, upon which this case now proceeds. (Doc. 11.)

2

### B.   Defendants Gonzales and Tafoya – Retaliation, Failure to Protect, and Mail Interference

Plaintiff claims that defendants Gonzales and Tafoya retaliated against him for filing prison appeals, by interfering with his constitutional right to send and receive mail and causing him to be placed in danger from other inmates.

Plaintiff alleges that on October 29, 2008, Gonzales told other inmates to tell Plaintiff's cellmate that if the cellmate moved out of Plaintiff's cell, Gonzales would give back the cellmate's property. Plaintiff alleges that Tafoya and Gonzales caused other inmates to threaten to assault Plaintiff because of his civil suit against Gonzales. Plaintiff alleges that Tafoya told Plaintiff's cellmates that Plaintiff is a problem and they should "do what they have to do" or Tafoya will move them. Plaintiff alleges that Tafoya harassed him, and that Plaintiff asked Tafoya numerous times to be moved to another housing unit or another yard, but Tafoya refused. Plaintiff alleges that on November 13, 2008, Gonzales tried to get other inmates to assault Plaintiff and/or make Plaintiff drop his 602 grievance, citizen's complaint, and civil suit.

Plaintiff alleges that on November 6, 2008, Gonzales withheld Plaintiff's mail and kept it in the Housing Unit Staff Office. Plaintiff alleges that Gonzales refused to allow Plaintiff's personal mail, and some legal mail, to be sent out via institutional mail, forcing Plaintiff to send his mail out through another inmate in another housing unit. Plaintiff also alleges that from November 28, 2008 until January 26, 2009, Gonzales punished Plaintiff for his legal activities by refusing to mail Plaintiff's letters to his parents and relatives, and tampering with incoming mail.

### C.   Defendants Gonzales and Tafoya – Retaliation and Violation of Right to Privacy

Plaintiff claims that defendants Gonzales and Tafoya retaliated against Plaintiff and violated his right to privacy when they read Plaintiff's mail to other inmates.

### D.   Defendant Harrington – Supervisory Liability

Plaintiff claims that defendant Harrington is liable for supervisory liability. Plaintiff alleges that Harrington, who is defendant Gonzales' supervisor, was aware of Gonzales' behavior against Plaintiff and failed to stop him. Plaintiff alleges that Harrington knew that Gonzales placed Plaintiff in harm's way by encouraging other inmates to assault him, but Harrington failed to stop him.

3

### III. STATUTORY EXHAUSTION REQUIREMENT

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83-84.

The PLRA requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. § 1997e(a). The Booth court held that the PLRA requires administrative exhaustion even where the grievance process does not permit award of money damages and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. Booth, 532 U.S. at 732. "The meaning of the phrase 'administrative remedies ... available' is the crux of the case." Id. at 731. In discussing the meaning of the term "remedy," the court noted that "depending on where one looks, 'remedy' can mean either specific relief obtainable at the end of a process of seeking redress, or *the process itself*, the procedural avenue leading to some relief." Id. at 738. (emphasis added.) Thus, the court determined that the language of the statute, which requires that the "available" "remed[y]" must be "exhausted" before a complaint under § 1983 may be entertained, refers to "exhaustion" of the *process available*. Id. at 738-739. (emphasis added.) It follows, then, that if an inmate exhausts the process that is made available to him, he has satisfied the requirement of the statute. "Availability" of relief for purposes of the exhaustion requirement under the PLRA turns on how the prison views and treats a prisoner's complaint based on its own procedures. Brown v. Valoff, 422 F.3d 926, 942 (9th Cir. 2004). Delay in responding to a grievance may demonstrate that no administrative process is in fact available. Id.

4

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## IV.  MOTION TO DISMISS FOR FAILURE TO EXHAUST

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d. 1198, 1199-1201 (9th Cir. 2002).

### A.  Defendants' Motion

Defendants argue that this action should be dismissed because Plaintiff failed to complete all four levels of the inmate appeals process at KVSP. Defendants contend that Plaintiff admitted in the Amended Complaint that he did not complete the prison's appeal process with respect to the claims he asserts in this lawsuit. (Amd. Cmp., Doc. 7 ¶ II(C).) Defendants also submit evidence that the Inmate Appeals Tracking Record System at KVSP has no record of any appeal

5

by Plaintiff submitted since October 2008 and appealed to and decided at the Director's Level of review. (Declaration of Rachel Munoz ("Munoz Decl."), Doc. 28-2 ¶¶ 3, 4, Exh. A.) Defendants maintain that the appeal system at KVSP has been continuously available to Plaintiff, as shown by records of eleven appeals processed at the first formal level of review since October 2008, with seven of those appeals either granted or granted in part. (Id. ¶ 5, Exh. A.) Only eight of Plaintiff's inmate appeals since October 2008 were screened out for failure to comply with CDCR regulations, and Defendants submit evidence of six of those appeals filed by Plaintiff between November 12, 2008 and December 19, 2008, showing the reasons they were screened out.[5] (Id. ¶¶ 5, 7, Exh. B.).

### B.     Plaintiff's Opposition

The Court looks to Plaintiff's original complaint, Amended Complaint, and opposition.[6] Plaintiff admits that he failed to complete the administrative grievance process at KVSP before filing suit. (Pltf. Decl. in Support of Opposition (Pltf. Decl."), Doc. 31 ¶1; Amd. Cmp., Doc. 7 ¶II(C).) However, Plaintiff claims he was unable to complete the process because of interference by the appeals coordinator. Plaintiff claims he submitted several appeals concerning the facts relating to this case, and the appeals coordinator either failed to process them, threw them away, lost them, or screened them out. Plaintiff argues that he should be excused from exhausting his remedies because the appeals coordinator interfered with the administrative process. Plaintiff also claims he was hindered in his efforts because the grievance procedure does not provide for monetary relief, and because § 1997e(a) excludes complaints about intentional acts.

---

[5] On November 12, 2008, an appeal concerning property and segregated housing was screened out because it raised separate issues concerning two different inmates. (Munoz Decl., Doc. 28-2 ¶7, Exh. B.) On December 1, 2008, an appeal concerning property searches was screened out because Payne could not submit an appeal on behalf of another inmate. Id. On December 4, 2008, an appeal concerning property searches was screened out because Payne was improperly attempting to bypass a level of review. Id. On December 9, 2008, an appeal concerning property and segregated housing was screened out for a failure to include necessary documentation with the appeal. Id. On December 17, 2008, an appeal concerning a property search was screened out because Payne was attempting to submit an appeal on behalf of another inmate or visitor. Id. And on December 19, 2008, an appeal concerning a property search was screened out because it was a duplicate of an earlier appeal. Id.

[6] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the original complaint and Amended Complaint under penalty of perjury. (Docs. 1, 7.) Plaintiff's opposition itself is not verified, but his declaration in support of the opposition is verified. (Docs. 29-32.) Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints and his declaration. (Docs. 1, 7, 31.)

6

### 1. Original Complaint

Plaintiff alleges in his original complaint that defendant Billings, an appeals coordinator, refused to process his appeals, out of retaliation against him. Plaintiff claims that he has submitted approximately thirteen appeals in the past twenty years, and approximately eleven of them were "lost" or not returned to him. (Cmp., Doc. 1, Exh. D.) He submits evidence of two appeals he attempted to file, on November 23, 2008 and December 9, 2008, and responses he received. (Id., Exh A.) The response to the first appeal informs Plaintiff that his appeal was screened out because he is not authorized to bypass any level in the appeal process. Id. The response to the second appeal informs Plaintiff that his appeal was screened out as duplicative of a previous appeal. Id. Plaintiff also submits a copy of a notice by T. Billings and D. Tarnoff dated December 24, 2008, informing Plaintiff that his appeal concerning property was sent to staff for an informal response, and he should contact the staff member directly via a Request for Interview if he had any questions. (Id., Exh. B.) Plaintiff claims that once the fifteen day deadline to file an appeal has passed, there is no remedy to re-file a "lost" appeal. (Id., Exh. D.)

### 2. Amended Complaint

In the Amended Complaint, Plaintiff claims that his appeals are constantly being screened out, and the appeals coordinator refuses to process or allow his appeals to go to the next level. (Amd. Cmp., Doc. 7 ¶II(C).) Plaintiff alleges that on October 28, 2008, the appeals coordinator refused to allow his grievance to be processed at the first level, informing Plaintiff that he has to seek informal level review, and that he had already filed a duplicate appeal. (Id. at 10 ¶36.) Plaintiff also alleges that the appeals coordinator sent his appeal to staff for an informal response, knowing they do not track informal responses so they get lost. Id.

### 3. Declaration in Support of Opposition

In his declaration in support of his opposition, Plaintiff states that on November 12, 2008, he submitted an appeal concerning property and staff misconduct. (Pltf. Decl., Doc. 31 at 2 ¶5.) Plaintiff states that the appeal concerning property searches was screened out on December 4, 2008 not because he was attempting to bypass a level of review, but because defendants Gonzales and Billings had conspired to hinder Plaintiff from filing a timely appeal. (Id. at 3 ¶11;

Opp'n., Doc. 32, Exh. A.) Plaintiff also takes issue with his appeal which was screened out on December 19, 2008 as duplicative of another appeal. (Pltf. Decl., Doc. 31 at 3 ¶15; Opp'n., Doc. 32, Exh. B.) Plaintiff maintains that the screening out of his appeals was motivated by defendant Billings' desire to harass and humiliate him. (Pltf. Decl., Doc. 31 at 3 ¶12.)

### C.     Defendants' Reply

Defendants reply that the appeal records refute Plaintiff's arguments that he tried to complete the appeals process at KVSP but was prevented from doing so by defendants Gonzales and Billings. Defendants assert that the two appeals identified by Plaintiff as examples were both screened out for valid reasons. The first one was screened out because Plaintiff had written "by pass" on the appeal, in an attempt to improperly bypass a level of administrative review. (Munoz Dec., Doc. 28-2 ¶7, Exh B.) The second appeal was properly screened out as a duplicate of an earlier appeal that raised the same issue. (Munoz Dec., Doc. 28-2 ¶7, Exh. B.) Defendants assert that Plaintiff's argument, that he was hindered from obtaining relief because the grievance process does not provide for monetary relief and because § 1997e(a) excludes intentional acts, lack merit.

## V.     DISCUSSION

The parties do not dispute that Plaintiff failed to complete all levels of the appeals process at KVSP. Defendants have presented evidence showing that Plaintiff did not submit any appeal to the Director's Level during the required time period, and Plaintiff has admitted such. (Munoz Decl., Doc. 28-2 ¶¶ 3, 4, Exh. A.; Pltf. Decl., Doc. 31 ¶1; Amd. Cmp., Doc. 7 ¶II(c)). However, a Director's Level response is not necessary [under the PLRA] to satisfy the exhaustion requirement, as long as the "available" remedies have been completed. Brown, 422 F.3d at 935-36 ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available.").

Plaintiff asserts both in the original and in the Amended Complaints that he submitted several appeals concerning the facts relating to this case, but the appeals coordinator either failed to process them or improperly screened them out. (Docs. 1, 7.) Although the Ninth Circuit has not yet ruled

8

on the issue, Ngo v. Woodford, 539 F.3d 1108,1110 (9th Cir. 2008), there is authority for the proposition that if Plaintiff submitted a timely inmate appeal in compliance with the governing regulations and his appeal received no response, he has satisfied the exhaustion requirement, e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004); Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001). However, Plaintiff's evidence does not support the assertion that his appeals were not appropriately processed or that he did not have access to the appeals process at KVSP.

First, Plaintiff states that in the past *twenty years* he has submitted approximately *thirteen* appeals, eleven which were not returned to him. (Cmp., Doc. 1, Exh. D.) In light of the fact that prison records, which Plaintiff does not dispute, show that in *less than one year*, he submitted *nineteen* appeals, Plaintiff's statement on this point appears to be less than credible. (Munoz Decl., Doc. 28-2, Exh. A; Pltf. Decl.. Doc. 31 ¶16, Exh. A.)

Second, Plaintiff claims that the appeals coordinator rejected his appeals out of retaliation, and submits copies of two appeals as examples. (Opp'n., Doc. 32, Exhs. A, B.) One appeal was screened out for Plaintiff's attempt to bypass the informal level of the appeals process, which Plaintiff does not have the authority to do. (Id., Exh. A.) Plaintiff wrote "by pass" over the informal level response area on the 602 form he submitted on November 23, 2008. Id. The second appeal was a property appeal screened out as duplicative of a previous appeal. (Id., Exh. B.) It appears to the Court that these two appeals were screened out for valid reasons. According to regulations, an inmate must start with the informal level of review, except under circumstances not present here. Cal. Code Regs., tit. 15 § 3084.5. Also, it is not implausible that one of Plaintiff's property appeals was duplicative, since Plaintiff admits he submitted several appeals concerning the subject matter

9

of this case, and prison records show he submitted seven property appeals between November 2008 and March 2009. (Opp'n., Doc. 32 at 2:9-12; Pltf. Decl., Doc. 31, Exh. A.) Defendants do not disagree that many of Plaintiff's appeals have been screened out. In fact, Defendants provided evidence that six of Plaintiff's recent appeals were screened out based on Plaintiff's failure to comply with the appeals process. (Munoz Decl., Doc. 28-2 ¶7, Exh. B.) Proper exhaustion *demands* compliance with an agency's critical procedural rules and may not be satisfied by filing a procedurally defective appeal. Woodford, 548 U.S. at 83-84, 90 (emphasis added). Plaintiff's evidence does not show that his appeals were screened out for invalid reasons.

Third, Plaintiff claims that appeals sent out for responses at the informal level are "lost," and the appeals coordinator sent Plaintiff's appeals out for informal level review because he knew they would be "lost." (Amd. Cmp., Doc. 7 at 10 ¶36.) Plaintiff also claims that he had no recourse when the fifteen-day deadline passed and he had not received a response to an appeal. (Cmp., Doc. 1, Exh. D.) Plaintiff cannot claim to be unaware of the rules, since he freely admits to filing numerous appeals and has successfully completed the process many times. Plaintiff was informed by written notice from the appeals coordinator dated December 24, 2008, that if he had any questions regarding his informal response, he could contact the staff member directly via a Request for Interview. (Cmp., Doc. 1, Exh. B.) According to the regulations governing the appeals process, a copy of which Plaintiff submitted with his opposition, there is an informal level attempt prerequisite, by which the inmate must attempt to resolve a grievance informally with the involved staff, Cal. Code Regs, tit. 15 § 3084.2(b); an appeal may be rejected if the appeal duplicates the appellant's previous appeal, Cal. Code Regs., tit. 15 § 3084.3(c)(2); and all property loss or damage arising from the same event or action shall be included in one appeal, Cal. Code Regs., tit 15 § 3084.7(e)(1). (Opp'n., Doc. 29.) Plaintiff has not provided any evidence showing that the appeals coordinator purposely "lost" his appeals or that he was unaware of the appeals process.

Finally, Plaintiff argues that he was disadvantaged because the grievance process does not allow for money damages, and because § 1997e(a) does not allow complaints concerning intentional acts. These arguments lack merit. Plaintiff has not explained how he was disadvantaged, as all prisoners are required to exhaust remedies even where the grievance process does not permit award

10

of money damages and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. Booth, 532 U.S. at 732. Moreover, whether money damages are allowed as relief is not relevant to Plaintiff's claims, because Plaintiff has requested only injunctive relief in his complaint. Plaintiff's assertion that § 1997e(a) excludes "intentional acts" is erroneous. "The PLRA itself does not define prison conditions, but the Supreme Court broadly construed the term in Porter, holding that '[T]he PLRA's exhaustion requirement applies to *all inmate suits about prison life*, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" Roles v. Maddox, 439 F.3d 1016, 1018 (9th Cir. 2006) (quoting Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983 (2002)) (emphasis added).

Based on the foregoing, the Court finds that Defendants have demonstrated that Plaintiff has not exhausted the process made available to him as to any of the allegations in this action, and Plaintiff has not provided evidence that he did. Therefore, the Court shall recommend that Defendants' motion to dismiss be granted, closing this case.

## VI.   CONCLUSION AND RECOMMENDATION

The Court finds that Defendants have met their burden of raising and proving the absence of exhaustion, and Plaintiff has not provided evidence that he exhausted his remedies before filing suit. For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss for failure to exhaust, filed December 15, 2009, be GRANTED, closing this case in its entirety.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are

///

///

advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     July 30, 2010                    /s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE